UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA RIGOR, | No. 2:23-cv-1679 DJC AC PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SANTA CLARA COUNTY, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a

1

1  "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed
2  in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is
3  entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the
4  relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and
5  directly.  Fed. R. Civ. P. 8(d)(1).

6  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
8  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
9  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
10 plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von
11 Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
12 denied, 564 U.S. 1037 (2011).

13 The court applies the same rules of construction in determining whether the complaint
14 states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
15 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
16 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
17 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
18 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
19 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
20 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
21 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
22 556 U.S. 662, 678 (2009).  To state a claim on which relief may be granted, the plaintiff must
23 allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at
24 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
25 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
26 Iqbal, 556 U.S. at 678.

27 A pro se litigant is entitled to notice of the deficiencies in the complaint and an
28 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.   THE COMPLAINT

The 77-page complaint contains a long series of disconnected, stream-of-consciousness-style paragraphs that do not appear to support any cognizable claim for legal relief.  The complaint begins with plaintiff stating that their sister misused a project for their senior class, which snowballed into corruption.  ECF No. 1 at 6.  Plaintiff then alleges that a social worker from the Sacramento LGBT community center decided to hide their donation of intellectual property without recognizing plaintiff's contribution.  Id.  Then plaintiff states that they were maliciously prosecuted by the Sacramento Regional Transit District, which resulted in defamation.  Id.  The remainder of the complaint contains paragraph after paragraph of unexplained references to various civil and criminal statutes, other cases that plaintiff has filed, a criminal case from 1980 in which plaintiff was involved, and strings of disconnected facts.  See, ECF No. 1 at 1-6; ECF No. 1-1 at 1-70 (continuation of complaint).

For example, the complaint states that it "involves the need to build better protections for university students for abuse of power by fiduciary-defendants for violations of federal protections and current applicable statutes in support to repair records of defamation to Plaintiff/Petitioner/Attorney of Record and ProSe litigant."  ECF No. 1-1 at 10.  Then, under the cause of action "wire fraud," plaintiff writes "When fiduciary-defendants provide a low-life action by use of undue influence to intentionally causing harm and economic hardships, it is a form of discrimination that does cause further negative impacts for plaintiff and others seeking positive background checks for gainful employment."  ECF No. 1-1 at 14.  Under the next cause of action, which plaintiff labels a claim under the Fourteenth Amendment, plaintiff refers to losses of personal property sustained in a 1980 criminal case in Santa Clara County.  Id. at 18. Plaintiff seeks five-hundred-million dollars in damages.  ECF No. 1-1 at 35.

## III.   ANALYSIS

The complaint does not contain facts supporting any cognizable legal claim against any defendant.  The court finds that the complaint is frivolous within the meaning of the screening

statute because it contains unintelligible allegations with no apparent basis in law and no understandable supporting facts.  See ECF No. 1.  The contents of the complaint are written in such a manner as to make it clear that leave to amend in this case would not be fruitful.   The undersigned will therefore recommend that the complaint be dismissed with prejudice.

### IV.    PRO SE PLAITNIFF'S SUMMARY

Your motion to proceed IFP is granted, and you do not need to pay the filing fee.  However, your complaint cannot be served because it does not state any cause of action, and after thoroughly reviewing the complaint, the court does not believe that leave to amend would result in a complaint that could be served.  For this reason, the Magistrate Judge is recommending that this case be dismissed.

### V.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: August 16, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE